IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MONDRIC F. BRADLEY                                              PETITIONER

VS.                                        CIVIL ACTION NO. 3:05CV238TSL-JCS

THE STATE OF MISSISSIPPI                                        RESPONDENTS
AND JIM HOOD

### REPORT AND RECOMMENDATION

This matter is before the court on a petition for habeas corpus filed by Mondric F. Bradley. Respondents have answered the petition and Bradley has filed a traverse. For reasons the explained below, the undersigned recommends that the petition be dismissed with prejudice.

### FACTS AND PROCEDURAL HISTORY

In July 1991, Bradley was convicted of murder and received a sentence of life imprisonment. Sometime prior to February 27, 2002, Bradley was paroled. While on parole, Bradley was arrested in Hinds County, Mississippi, apparently for possession of cocaine, and on April 8, 2002, his parole was revoked. On May 13, 2002, Bradley filed a "Pro Se Motion to Reinstate [Parole]" in the circuit court. This motion was denied on August 23, 2002. Bradley did not appeal this denial.

On June 1, 2004, Bradley filed a motion for post-conviction relief in the Mississippi Supreme Court. By this motion, he asserted that the parole board had illegally revoked his parole. On August 24, 2004, the court, apparently erroneously concluding that the circuit court had only recently denied Bradley's May 13, 2002 "Pro Se Motion to Reinstate [Parole]," held that the motion for post-conviction relief "should be dismissed without prejudice to Bradley's right to

appeal the trial court's judgment entered August 16, 2004."[1]   .

On October 5, 2004, having been indicted for possession of cocaine, Bradley entered a guilty plea in the Hinds County Circuit Court and was sentenced to three months, time served to run consecutively to the sentence imposed in connection with the earlier murder conviction.  On November 8, 2004, Bradley filed his first challenge to this conviction, designated as "Pro Self Styled Motion for Plea Statas [sic]."  His second challenge was filed on July 1, 2005 and designated as "Pro Self Styled Motion to Clearify [sic]."  The circuit court denied both motions on December 21, 2005, finding that

> The petitioner's plea was not involuntarily coerced.  According to State v. Santiago, if the factual basis for relief is established solely by the uncorroborated assertions of the movant . . . and those assertions are contradicted on the fact of the record . . . the petition should be dismissed." 773 So. 2d 921, 923-924 (Miss. 2000).  Here, Bradley offers no corroborating evidence that his plea was coerced not even an affidavit outside the pleading is offered in support of his assertions. Further, he knowingly signed the plea petition pleading guilty.
> Petitioner's claim of ineffective assistance of counsel is without merit.  A claim of ineffective assistance, which is only supported by the petitioner's affidavit, will not survive summary dismissal.  Robertson v. State, 669 So. 2d 11, 13 (Miss. 1996).

Petitioner did not appeal the trial court denial of his post-conviction motions.[2]

---

[1] The court's review of the record shows that the circuit judge entered his order denying relief on August 23, 2002.  On August 16, 2004, the Hinds County Circuit Clerk cerified a copy of the order, and the certified order was marked received by the Mississippi Supreme Court on August 17, 2004.

[2] On February 7, 2006, the circuit court denied Bradley's "Pro Se Self-Styled Motion of Objection," warning him that he should seek permission from the court before filing additional petitions.  This warning, however, did not deter Bradley, and on March 6, 2006, the circuit court denied his "Pro Se Self-Styled Motion for Leave Appeal."  This denial was based on Bradley's failure to show good cause why he did not seek leave of court prior to filing his motion.

Thereafter, Bradley filed five more motions, all of which were denied by the court.  The record does not reflect that Bradley appealed any of these denials.

Meanwhile, although Bradley was still pursuing relief in the state court, on March 30, 2005, he filed in this court his petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.

## DISCUSSION

Although it is unclear whether Bradley's petition is intended as an attack on his 2002 parole revocation or his 2004 conviction for possession of a controlled substance or both, he does assert that the writ of habeas corpus should be granted in his favor for the following reasons: (1) during his February 25, 2002 arrest, he was illegally stopped, searched, questioned and detained; (2) he was entrapped; and (3) he received ineffective assistance of counsel in connection with guilty plea.  Respondents answered the petition, contending that it is due to be denied because it untimely or, alternatively, because Bradley has failed to exhaust his state court remedies.  In light of the court's conclusion that respondents are correct, the substantiative issues presented in Bradley's petition will not be addressed.

The court first addresses the statute of limitations question.

Section 2244(d) of Title 28 of the United States Code, reads as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

>    (D) the date on which the factual predicate of the claim or claims
>    presented could have been discovered through the exercise of due
>    diligence.
>
> (2) The time during which a properly filed application for State post-conviction or
> other collateral review with respect to the pertinent judgment or claim is pending
> shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1996).

The AEDPA, enacted on April 24, 1996, imposed a one-year statute of limitations for the filing of a federal habeas petition. Because Bradley filed for habeas relief after April 24, 1996, the effective date of the AEDPA, the Act's provisions are applicable to his petition. Asserting that Bradley's petition, insofar as it might purport to challenge the parole revocation, does not fall into any of the exceptions listed in § 2244(d)(1)(B-D), respondents argue that Bradley's petition is untimely. According to the State, Bradley, with the benefit of tolling, had until July 22, 2003, to file a petition related to the paroleon revocation, and instead, he filed it in this court on March 30, 2005, some 613 days too late.[3] The court's review of the relevant dates demonstrates that the State is correct.

Under Mississippi law, there is no direct appeal from the revocation of a suspended sentence, so Bradley's judgment became final on the date that he was officially revoked--April 8, 2002. Thereafter, the one year limitations period was tolled when he filed his May 13, 2002

---

[3] "For pleadings submitted by prisoners acting pro se, the Fifth Circuit has recognized that a 'mailbox rule' applies and that the date when prison officials receive the pleading from the plaintiff for delivery to the court is considered the time of filing for limitations purposes. Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). It may reasonably be inferred that a prisoner delivered his petition to the prison officials for mailing on the date he signed it. See United States v. O'Kaine, 971 F.Supp. 1479, 1480 (S.D. Ga. 1997)." Punch v. State of Louisiana, 1999 WL 562729, *2 n.3 (E.D. La. July 29, 1999)(unpublished). Here, Bradley's initial petition indicates that it was signed on March 30, 2005. It was received by the court on April 11, 2005.

"Motion to Reinstate Parole" and remained tolled during the pendency of the motion, a period of 105 days. The limitations clock began to run again on August 27, 2002. Under § 2244(d)(1), and without the benefit of any additional tolling pursuant to § 2244(d)(2),[4] any petition challenging the revocation was due to filed in this court by July 23, 2003. Instead, petitioner filed his petition for writ of habeas corpus on March 30, 2005. Thus, Bradley's petition was 613 days late. Because Bradley's petition, insofar as it purports to challenge the parole revocation was not filed in the district court by July 23, 2003, is untimely under 28 U.S.C. § 2244, it must be dismissed.

Alternatively, the State argues that "whether Bradley's petition is considered an attack on the revocation or the guilty plea, . . . none of the claims presented . . . have been presented to the state's highest court in a procedurally proper manner" From this, the State reasons that because Bradley would now be procedurally barred from appealing any circuit court decision to the Mississippi Supreme Court due to a lapse of time,[5] he has defaulted his claims, and this court is precluded from reviewing them. A review of the relevant law shows that the State is correct.

Section 2254 provides, in relevant part, that:

(b)(1)An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B) (i) there is an absence of available State corrective process; or

---

[4] Bradley has not cited any "rare and exceptional circumstances" which would warrant equitable tolling.

[5] Pursuant to Miss. R. App. P. 4(e), an appellant has thirty days within which to perfect an appeal to the state supreme court of a Circuit Court's decision.

> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
> (3) A state shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b-c)(1996).

As this statute makes clear, before Bradley can request habeas relief in this Court, he must first exhaust his claims in state court. See Sones v. Hargett, 61 F.3d 410, 415 (5th Cir. 1995); see also O'Sullivan v. Boerckel, 526 U.S. 838, 119 S.Ct. 1728 (1999) (state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process; otherwise, those issues are procedurally defaulted for purposes of federal habeas review). If no relief would be available to petitioner on certain claims because of a state procedural bar, he will be deemed by this court to have "technically exhausted" his state court remedies on these claims. See Sones v. Hargett, 61 F.3d 410, 415 (5th Cir. 1995). According to the statute, a federal court may not review the merits of a procedurally-barred claim unless the State expressly waives the exhaustion requirement.

Here, the court finds that petitioner failed to timely appeal the circuit court's denial of his motion to reinstate parole, that petitioner never purported to appeal the denial of his numerous motions for post-conviction relief and that the thirty-day time period set forth in Rule 4 of the Mississippi Rules of Appellate Procedure for filing an appeal has long since run. Because the

6

State has not expressly waived the exhaustion requirement, and because his time for appeal of the state circuit court decisions has run, Bradley has "technically exhausted" his state court remedies. That being so, this court finds that Bradley has procedurally defaulted his claims and is therefore barred from pursuing them in federal court. Furthermore, petitioner's default provides an adequate and independent basis for the state court's failure to grant him relief.[6]   Moreover, petitioner has made no showing or even allegation of cause for his default and prejudice from it, such as would allow this court to consider the merits of his claims notwithstanding his default. See Coleman v. Thompson, 501 U.S. 722 (1991).  Neither has he demonstrated that a failure to consider this claim will result in a fundamental miscarriage of justice. See Jones v. Jones, 163 F.3d 285, 296 (5th Cir. 1998)(collecting cases). Thus, petitioner's claims are not subject to review by this Court, and this case must be dismissed with prejudice.

## CONCLUSION

Accordingly, for the reasons stated above, the undersigned recommends that this petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

---

[6] A state procedural bar constitutes an adequate basis for a state court's denial of relief only if that bar has been strictly or regularly followed by the state court. Lott v. Hargett, 80 F.3d 161, 165 (5th Cir. 1996).  The burden is on the petitioner to show that a procedural bar has not been strictly or regularly followed by the state court. Stokes v. Anderson, 124 F.3d 858 (5th Cir.) (Citing Sones v. Hargett, 61 F.3d 410, 416 (5th Cir. 1995)), cert. denied, 118 S.Ct. 1091 (1998).  Petitioner has made no such allegation in the present case.

conclusions accepted by the district court.  28 U.S.C. §636, <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    RESPECTFULLY SUBMITTED, this the  25th  day of April , 2008.

                      <u>S/ James C. Sumner</u>
                        UNITED STATES MAGISTRATE JUDGE